### James R. Dart v. Lemuel Woodhouse.

*Unpublished manuscripts not leviable property.*

Unpublished manuscripts are not leviable property. So *held* of a set of abstract books.

The right of an owner of manuscript to publish it or not is an incorporeal property right belonging to him personally, independent of locality and not to be interfered with.

The copyright of a published work cannot be reached by the owner's creditors unless by statutory authority.

Creditors cannot complain of the disposal of property that they cannot reach.

Error to Ingham.　Submitted Jan. 29.　Decided Jan. 31.

REPLEVIN.　Defendant brings error.

*L. D. Johnson* and *M. V. Montgomery* for plaintiff in error.

*H. P. Henderson* and *Wm. K. Gibson* for defendant in error.

CAMPBELL, C. J.　The controversy in this cause grows out of an execution levy made by Dart on a set of manuscript abstract books which were at the time in the possession of William Woodhouse, the execution debtor, who had transferred them to Lemuel Woodhouse under a transfer which is claimed to have been invalid against creditors.

The counsel in the argument of this cause on both sides found difficulties in the nature of the property, but did not plainly present the radical difficulty that the right in unpublished manuscripts is neither goods nor chattels subject to execution. The right of the proprietor of such a manuscript to publish it or to keep it back from publication is not only a property right, but one which is purely incorporeal and attended with considerations of a nature entirely different from any involved in other rights. The law will not permit it to be interfered with except as he chooses to make it public, and the right is one which is entirely independent of locality and belongs essentially to the owner wherever he may be, and in whatever locality one or more copies of the writings may be found. The value when it is considered at all in a pecuniary sense depends on the information or interest of the composition or document, and not on the particular bundle of paper which records it.

It is very well settled by the decisions of the United States Supreme court that even after a work is published no creditor can reach the copyright unless some special provision of law is made on the subject, and it is also settled that the author's rights are never subject to disturbance except in accordance with statute. No law can compel a man to publish what he does not choose to publish. See Freeman on Executions, § 110; *Stevens v. Gladding*, 17 Howard, 451; *Stephens v. Cady*, 14 Howard, 531; *Prince Albert v. Strange*, 1 Mac. & G., 25; *Banker v. Caldwell*, 3 Minn., 94.

It would be very absurd to hold that books could be seized and sold on execution which after sale the purchaser could not use.

As the creditors could not reach this property, they cannot complain of its disposal, and therefore there is no error which can be complained of here.

The other Justices concurred.