[No. 1225.  Decided March 30, 1894.]

BOOTH & HANFORD ABSTRACT CO., *Appellant*, v. BYRON PHELPS, *County Treasurer*, *Respondent*.

TAXATION — PERSONAL PROPERTY — ABSTRACT BOOKS.

A set of abstract books, although compiled in the form of abbreviations and cipher, so as to be intelligible to but few persons, is personal property having a money value, and is subject to taxation under the laws of this state.

*Appeal from Superior Court, King County.*

*Relfe & Brinker*, for appellant.

*John F. Miller*, and *A. G. McBride*, for respondent.

The opinion of the court was delivered by

SCOTT, J.— This was a suit to enjoin the selling of a certain set of abstract books belonging to appellant, for state and county taxes. At the close of appellant's case the court granted a motion for non-suit, from which judgment this appeal was taken.

The constitution provides that —

"The legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money." Art. 7, § 2.

An act of the legislature, Laws 1889–90, p. 530, § 1, provides that—

"All real and personal property in this state, and all personal property of persons residing therein, the property

of corporations now existing, or hereafter created, except such as is hereinafter expressly excepted, is subject to taxation."

And the only question involved in this case is whether a set of abstract books is included within the term "personal property," for the purposes of taxation.   The proof shows that the information contained in the books is largely in the form of abbreviations and cipher peculiar to that particular set of books, and only five persons understood them, as far as was known to the manager and secretary of the company, that no information could be derived from the books except by an expert in that line of business, and that it would be necessary for him to understand such abbreviations and cipher.

It is contended that the books were of no value to the public or to any one who did not understand them; that while the books originally in blank form were of some value, the fact that they contained such writings had destroyed this value even, and that they are not assessable for the purpose of taxation.   There was some proof, however, to show that certain maps connected with the business had a general value to the extent perhaps of a hundred dollars.

We are of the opinion that the property was subject to taxation.   The fact that it requires the services of an expert to obtain the necessary information from the books may detract from their value in a general sense, but would not deprive them of all taxable value.   If the property was assessed at too high a figure it would be no ground for issuing a writ of injunction.   Another remedy is provided therefor.

There is a conflict in the authorities as to whether abstract books are subject to taxation.   We think the better rule is that they are subject thereto; see *Leon Loan & Abstract Co. v. Equalization Board*, 53 N. W. 94, and that

the peculiar circumstances of this case do not except it from said rule.

Affirmed.

DUNBAR, C. J., and ANDERS, HOYT and STILES, JJ., concur.