[No 2356.  Decided November 12, 1896.]

THE WASHINGTON BANK OF WALLA WALLA, *Respondent*, v. FIDELITY ABSTRACT AND SECURITY COMPANY, *Appellant*.

EXECUTION — PROPERTY SUBJECT — ABSTRACT BOOKS — ESTOPPEL.

Under Code Proc., § 479, providing that "all property, real and personal, of the judgment debtor, not exempt by law, shall be liable to execution," a set of abstract books are subject to sale on execution.

The owner of abstract records who so far treats them as valuable property as to secure a loan by the execution of a chattel mortgage thereon, is estopped from setting up as a defense to foreclosure proceedings that the records would be of no value in the hands of any but the compiler.

Appeal from Superior Court, Walla Walla County.— Hon. WILLIAM H. UPTON, Judge.   Affirmed.

*Thomas & Dovell*, for appellant.

*Thomas H. Brents*, and *Wellington Clark*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The appellant corporation by its secretary, S. E. Dean, applied to the respondent, a corporation, for a loan of $2,000, offering as security a chattel mortgage on a set of abstract records, maps and indices of lands in Walla Walla county.   The particular description was as follows:

"The abstract records of all lands in Walla Walla County, State of Washington, and all maps, plats and indices thereunto belonging, or in any wise appertaining now in the office of said mortgagor."

The loan was made, appellant made default in payment and respondent brought suit to foreclose the mortgage. The defendant answered, setting up as an affirmative defense that the property described in the mortgage was a copy of the financial records of Walla Walla county, arranged in a certain and peculiar manner by appellant, together with certain peculiar indices to said records made and arranged by appellant; that without a knowledge of the arrangement of said copies and said indices the said property was of no value whatever; that the property described was the product of the work and mind of the said Dean, secretary, and of no other, and that the same were made and arranged for the use of said corporation, and none of the property was of any value whatever unless the party having possession thereof had the right to publish and copy the same. The cause was referred to a referee, and after trial the referee returned a report recommending the decree as asked in the complaint

The defendant below excepted and asked the court to make finding in accordance with the answer just above quoted. Only one question is brought to the attention of this court, namely, the contention that on account of the peculiar nature of the property described in the mortgage, the court erred in decreeing its sale. The appellant relies on the case of *Dart v. Woodhouse*, 40 Mich. 399 (29 Am. Rep. 544). This case holds that a set of abstract books, such as those in suit, is but the unpublished manuscript of an author, valuable only on account of its literary con-

tents, and belongs to the class of unleviable property, such as a patent right or a copyright, which are held by most of the courts to be unassignable privileges, or incorporeal and intangible rights.

We cannot indorse the conclusion or the reasoning of the case just cited. It seems to us that these abstract books were not so intangible or incorporeal that they could not be the subject of levy or of sale, and such was the holding in *Leon Loan and Abstract Co. v. Equalization Board,* 86 Iowa, 127 (41 Am. St. Rep. 486, 53 N. W. 94), where the case of *Dart v. Woodhouse, supra,* was reviewed. That case was also unfavorably commented upon by Freeman on Executions (2d ed.), § 110, where the author, in reviewing the case, says:

"In a set of abstract books, or in any other manuscripts, we see nothing intangible, nothing which makes it difficult or improper to subject them to execution. Confessedly they are property, and as such may be valuable to their compiler or owner, and doubtless he may by his voluntary transfer divest himself of title, and vest it in another. His transfer may not divest him of the information contained in them, and certainly will not impair the skill required in their compilation or use. The fact that he does not and cannot transfer his information and skill constitutes no ground for denying his ability to transfer so much as is transferable. In a state whose statutes in general terms declare all property subject to execution, we can perceive no reason for holding abstract books or other valuable writings not subject to executions."

It will be observed in this connection that § 479, Code Proc., provides that—

"All property, real and personal, of the judgment debtor, not exempt by law, shall be liable to execution."

This was also the view taken by this court in *Booth & Hanford Abstract Co. v. Phelps*, 8 Wash. 549 (40 Am. St. Rep. 921, 36 Pac. 490), where it was said:

" There is a conflict in the authorities as to whether abstract books are subject to taxation. We think the better rule is that they are subject thereto;"

citing *Leon Loan and Abstract Co. v. Equalization Board, supra.*

Many of the cases are cases 'where the question arose on the right to tax such property, but in this case a more rigid rule should be adopted against the claim of appellant. By his own contract he treated these abstract books as property of value, and obtained a valuable consideration for them in the nature of a loan, and it would be unconscionable to allow him to plead their worthlessness in a court of equity.

The judgment will be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.