## STATE v. ST. PAUL ABSTRACT COMPANY.[1]

January 25, 1924.

No. 23,695.

**Abstract books taxable.**

A set of abstract books is personal property for the purpose of taxation, although the information therein contained is largely in the form of abbreviations, with a secret code or cipher index.

In proceedings to collect delinquent taxes upon personal property for the year 1921, defendant filed its answer setting up that the assessment and tax against its plant were illegal; that the property on which the tax was levied was not subject to taxation; that it had no intrinsic money or taxable value, and that the assessed valuation was grossly excessive. The matter was heard upon stipulated facts by Sanborn, J., who made findings and ordered judgment against defendant for the amount claimed. From an order denying its motion for a new trial, defendant appealed. Affirmed.

[1]Reported in 196 N. W. 932.

*Mitchell, Doherty, Rumble, Bunn & Butler,* for appellant.

*Harry H. Peterson,* County Attorney, and *R. A. MacDonald,* Assistant County Attorney, for respondent.

QUINN, J.

This is a proceeding for the collection of personal property taxes, assessed against the defendant in Ramsey county in May, 1921, upon a set of abstract books and the paraphernalia used in connection therewith. It is stipulated that the personal property assessed against the defendant at $8,000 included its abstract plant, the assessable value of which was fixed at $7,775 in the assessment. The sole question presented by this appeal is whether the defendant's abstract plant is a proper object of taxation. The trial in the court below resulted in a judgment for the full amount claimed by the state. The appeal is from an order denying defendant's motion for a new trial.

The abstract plant consists of abstracts of title to real property in Ramsey county, taken from the official public records and assembled in books with copious indexes, together with the articles of equipment used in connection therewith. The matter contained in such books is collected from the public records, and in no manner partakes of scientific discoveries, nor are they like the manuscripts of an author, or a copyright, as contended for.

The general work of compiling these books is a mere copying of extracts from public records and assembling them in abstract books for convenience in furnishing abstracts of title to land in Ramsey county to such persons as are in need of the same and willing to pay therefor. The mere fact that there was kept an index, with a secret key thereto, changed the character of the property no more than would a Yale lock on the outer door of a dwelling, with a key in the pocket of the occupant, change the domicile. In other words, the fact that information contained in the card index is in the form of a secret code or indicia, the key of which is known only to the members of the appellant, in no way changes the character of the property, in our view of the situation. Nor does the fact that the owners keep the abstracts of title prompted to date, by taking ex-

tracts from instruments recorded in the office of the register of deeds and assembling them in the abstract books, change the situation, other than to enhance the value of the plant.

We are of the opinion and hold that books containing abstracts of land titles which have a recognized value and which are kept and used as the basis of a business for profit, constitute taxable property. 26 R. C. L. 138, and cases therein cited.

Affirmed.