## BAY TRUST CO. *v.* CITY OF BAY CITY.

1. LITERARY PROPERTY—UNPUBLISHED MANUSCRIPTS.

> The right of the proprietor of an unpublished manuscript to publish it or withhold it from publication is a purely incorporeal right and attended with considerations of a nature entirely different from any involved in other rights.

2. SAME—PECUNIARY VALUE.

> The pecuniary value of an unpublished manuscript depends on the information or interest of the composition or document, and not on the particular bundle of paper which records it.

---

* See 3 Comp. Laws 1929, § 13040 *et seq.*—REPORTER.

3. STATUTES—LEGISLATIVE COGNIZANCE OF PREVIOUS SUPREME COURT DECISIONS.

In enacting a statute making books and other records for purpose of furnishing abstracts or information concerning title to land subject to sale on execution, the legislature is presumed to have been cognizant of previous decisions of the Supreme Court to the effect that such books were not taxable (3 Comp. Laws 1929, § 14572).

4. TAXATION—EXECUTIONS—ABSTRACT BOOKS.

Making abstract books and records subject to seizure and sale upon execution does not render such property subject to taxation and making it subject to taxation would not render it subject to seizure and sale upon execution.

5. SAME—EXEMPTIONS—RULE OF PROPERTY—ABSTRACT BOOKS.

Rule of property that abstract books and records are not the subject of taxation, established by decision of the Supreme Court and recognized as the law over many years in course of which legislature has met many times but failed to take any action upon such subject matter *held,* to require holding such books and records are not property within purview of taxing statutes.

Appeal from Bay; Houghton (Samuel G.) and Hartwick (George B.), JJ., presiding. Submitted April 7, 1937. (Docket No. 19, Calendar No. 39,265.) Decided May 21, 1937.

Assumpsit by Bay Trust Company, a Michigan corporation, against City of Bay City, a municipal corporation, to recover taxes paid under protest. Judgment for defendant. Plaintiff appeals. Reversed and judgment ordered entered for plaintiff.

*Clark & Henry (Frank I. Kennedy* and *Samuel Hechtman,* of counsel), for plaintiff.

*Albert W. Black,* for defendant.

*Cummins & Cummins, amici curiæ.*

SHARPE, J. Plaintiff began suit against the city of Bay City to recover certain taxes paid under pro-

test. Plaintiff is a Michigan corporation and on April 12, 1932, filed with the board of assessors of Bay City a statement under oath showing the value of its shares of stock for assessment purposes, as of the second Monday in April, 1932, to be $9,734.98. Thereafter, the board of assessors increased the valuation of the shares of stock of the plaintiff from the sum of $9,734.98 to the sum of $59,685 and spread the same upon the assessment rolls of the city of Bay City. In making the increase the board of assessors added to the value of the stock for taxation the sum of $50,000 representing the book value of the abstract books owned by plaintiff.

In the court below the plaintiff contended that the issue involved was determined by the decisions in *Perry* v. *City of Big Rapids,* 67 Mich. 146 (11 Am. St. Rep. 570) and *Loomis* v. *City of Jackson,* 130 Mich. 594, while the defendant contended that abstract books have an available cash value at all times; that they are used as a medium of making a profit and as such are taxable property. The trial court held that the abstract books being property liable to seizure and sale on execution are also property liable to assessment for taxation. Plaintiff appeals.

The question involved in this cause is not new in Michigan. In *Dart* v. *Woodhouse,* 40 Mich. 399 (29 Am. Rep. 544), we said:

"The counsel in the argument of this cause on both sides found difficulties in the nature of the property, but did not plainly present the radical difficulty that the right in unpublished manuscripts is neither goods nor chattels subject to execution. The right of the proprietor of such a manuscript to publish it or to keep it back from publication is not only a property right, but one which is purely incorporeal and attended with considerations of a nature entirely different from any involved in other

rights.   *   *   *   The value when it is considered at all in a pecuniary sense depends on the information or interest of the composition or document, and not on the particular bundle of paper which records it.''

The question was next considered in the case of *Perry* v. *City of Big Rapids, supra,* Mr. Justice Campbell again writing the opinion. This case involved directly the question as to whether abstract books were taxable. The court referred to the provision of the then Constitution requiring assessments to be made on property at its cash value. This constitutional provision was retained as article 10, § 7, of the present Constitution. The court said, referring to that provision:

''This means not only what may be put to valuable uses, but what has a recognizable pecuniary value inherent in itself, and not enhanced or diminished according to the person who owns or uses it. The court below found expressly, and could not have found otherwise, that these abstract books have no intrinsic value. They are only valuable for the information they contain, and that information is conveyed by consultation or extracts. Their value is only kept up by their completeness and continued correction.''

After the decision in the *Dart* and *Perry Cases* the legislature passed Act No. 197, Pub. Acts 1899,* providing for levy and sale on execution of abstract books, maps, plats, charts, and other records owned or kept by any person, copartnership, or corporation for the purpose of furnishing abstracts or information concerning the title to lands in this State.

The question was next and last considered by our court in the case of *Loomis* v. *City of Jackson, supra.* In a PER CURIAM opinion the court applied the rule of the *Dart* and *Perry Cases.* It took cog-

---

* See 3 Comp. Laws 1929, § 14572.—REPORTER.

nizance of the enactment of Act No. 197, Pub. Acts 1899, and said:

"It is to be presumed that the legislature was cognizant of both of the above decisions. They chose to enact a law making such property subject to levy and sale upon execution, but have not yet chosen to make it subject to taxation. Making it subject to levy upon execution does not render it subject to taxation; so making it subject to taxation would not render it subject to sale upon execution."

Since *Dart* v. *Woodhouse, supra,* was decided in 1879 we have, by a continued line of authority, established the rule of property that these books and records are not the subject of taxation. This decision has, for more than 50 years, been recognized as the law concerning the taxation of abstract books and many sessions of the legislature have met in the meantime without any action upon this subject matter. The record shows that there has been no material change in the business or methods of abstracting titles to real estate and we must hold that abstract books and records are not property within the purview of our taxing statutes.

The judgment of the lower court is reversed, without a new trial and with instructions to enter judgment for plaintiff in the sum of $2,124.26 together with interest at five per cent. from January 9, 1933. Plaintiff may recover costs.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Potter, and Chandler, JJ., concurred.