

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 19, 1939

Honorable O. Kennedy
County Attorney
Bee County
Beeville, Texas

Dear Mr. Kennedy:

Opinion No. O-803
Re: Are abstract books assessable
for ad valorem taxes as per-
sonal property?

In seeking our opinion upon the above question by
your letter of May 6, 1939, you attach a copy of an opinion
of Honorable H. L. Williford, of date December 17, 1938,
directed to Honorable George H. Sheppard, Comptroller of
Public Accounts, and answering the above question negatively.
You desire a reconsideration of this opinion.

Article 7145, Revised Civil Statutes, provides that
"all property, real, personal or mixed, except such as may be
hereinafter expressly exempted, is subject to taxation, and
the same shall be rendered and listed as herein prescribed."
Article 7147, Revised Civil Statutes, provides, in part, that
"personal property, for the purposes of taxation, shall be
construed to include all goods, chattels and effects, and all
moneys, credits, bonds and other evidences of debt owned by
citizens of this State whether the same be in or out of the
state" and continues with the enumeration of certain species
of personal property. There being no constitutional or statu-
tory exemptions of abstract books as such, the only question
before us is whether or not such books constitute "personal
property" within the meaning of the above cited articles.

Your letter does not present a fact situation for
our consideration, nor do we deem same necessary. It is to
be assumed that the abstract books in question are those com-
monly compiled and kept in the orderly and profitable pursuit
of the business of furnishing abstracts of title, and contain
certain written and printed information which such business
may be called upon to furnish respecting the title to real
estate in the locality where they operate. These abstract

books are prepared at considerable expense and are of great value to the owners thereof in that they constitute the working plant of a profitable business. It is commonly known that these books possess a value by reason of the facts contained therein and the use to which they may be put, rather than the intrinsic value of the books, themselves, which from a tax standpoint would be inconsequential.

There is a dearth of authorities upon this question in Texas, but as early as 1887 and before, the courts of other jurisdictions have concerned themselves with this question because the novelty of abstract books as articles of ownership has given rise to some doubts as to their legal character as property. In resorting to the decisions of other states for persuasive authority to support this opinion, we find in such states a contrariety of opinion, and it shall be our purpose to determine which of these two lines of decisions should be followed.

The early case of Dart v. Woodhouse, 40 Mich. 399, 29 Am. Rep. 44, while not involving a tax question, is important in determining the nature of abstract books as property, in that it held that "an execution levy made on a set of manuscript abstract books was of no validity, because the right of the proprietor of such manuscript to publish it or to keep it back from publication is not a property right but one which is purely incorporated, and attended with considerations of a nature entirely different from any involved in other rights." The principle of law announced in this case is followed by the same court in Perry v. City of Big Rapids, 34 N. W. 530, and Loomis v. City of Jackson, 90 N. W. 328. Both of these cases involve a tax question, and the case of Perry v. City of Big Rapids, which appears to be a leading case, holds that the provision in the constitution of Michigan which requires assessments to be made on property at its cash value, means not only what may be put to valuable uses, but what has a recognizable pecuniary value inherent in itself, and not enhanced or diminished according to the person who owns or uses it, and hence manuscript books containing abstracts of land titles were not liable to taxation, as they had no intrinsic value but were valuable only for the information they contained and which is conveyed by consultation or abstracts made therefrom.

This holding by the Supreme Court of Michigan has

been directly overturned by later decisions by the Supreme
Courts of three different states, and has been severaly
criticized in two of these decisions, wherein it was pointed
out that the Michigan decision was by a divided court, and
was based upon reasoning which though ingenious was unsatis-
fying.

The case of Leon Loan and Abstract Company v. Equal-
ization Board of Leon et al, 53 N. W. 94, by the Supreme Court
of Iowa, was severest in its condemnation of the Michigan cases
hereinabove cited, and held that the abstract books, having
an actual market value, and usable by anyone of ordinary in-
telligence as a means of profit, are personal property and
liable therefore to taxation, notwithstanding their manuscript
character, and the fact that they are valuable only for the
information they contain, which must be obtained by consulta-
tion or extract therefrom. Similar disapproval of the Michigan
cases is voiced by Freeman, in his work on Executions, Section
110.

The comparatively recent case of State v. St. Paul
Abstract Company, 196 N. W. 932, by the Supreme Court of Minne-
sota in 1924, reasons very convincingly as follows:

> "The abstract plant consists of abstracts
> of title to real property in Ramsey county,
> taken from the official public records and
> assembled in books with copious indexes,
> together with the articles of equipment
> used in connection therewith. The matter
> contained in such books is collected from
> the public records, and in no manner par-
> takes of scientific discoveries, nor are
> they like the manuscripts of an author,
> or a copyright, as contended for.

> "The general work of compiling these books
> is a mere copying of extracts from public
> records and assembling them in abstract
> books for convenience in furnishing ab-
> stracts of title to land in Ramsey county,
> to such persons as are in need of the same
> and willing to pay therefor. The mere
> fact that there was kept an index, with a
> secret key, thereto, changed the character
> of the property no more than would a Yale

> lock on the outer door of a dwelling,
> with a key in the pocket of the occupant,
> change the domicile.  In other words the
> fact that information contained in the
> card index is in the form of a secret
> code or indicia the key of which is
> known only to the members of the appellant,
> in no way changes the character of the
> property, in our view of the situation.
> Nor does the fact that the owners keep
> the abstracts of title prompted to date,
> by taking extracts from instruments re-
> corded in the office of the register of
> deeds and assembling them in the abstract
> books, change the situation, other than
> to enhance the value of the plant.

> "We are of the opinion, and hold, that
> books containing abstracts of land titles
> which have a recognized value, and which
> are kept and used as the basis of a busi-
> ness for profit, constitute taxable pro-
> perty.  26 R. C. L. 138, and cases therein
> cited."

It is our conclusion that the weight of authority,
as well as sound reasoning, supports the view that abstract
books, especially as prepared and maintained under modern con-
ditions, constitute "personal property" within the meaning of
Articles 7145 and 7147, Revised Civil Statutes of Texas, and
are subject to taxation.  61 C. J. 192, 26 R. C. L. 138, 1
R. C. L. 90.  State v. St. Paul Abstract Company, 196 N. W.
932, Leon Loan and Abstract Company v. Equalization Board of
Leon et al, 53 N. W. 94, Booth Hanford Abstract Company v.
Phelps, 36 P. 489, 23 L. R. A. 864.  Washington Bank of Walla
Walla v. Fidelity Abstract and Security Company, 15 Wash. 487,
37 L. R. A. 115.

The opinion of this department adverted to at the
outset, is grounded upon the minority rule announced in Perry

Honorable O. Kennedy, May 19, 1939, Page 5

v. City of Big Rapids, supra, and is accordingly overruled.

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS

                    By _____
                         Pat M. Neff, Jr.
                              Assistant

PMN:FL

APPROVED:

ATTORNEY GENERAL OF TEXAS