## HIDALGO GUARANTEE ABSTRACT CO. v. CITY OF EDINBURG.

### No. 4364.

Court of Civil Appeals of Texas. El Paso.

March 16, 1944.

Rehearing Denied April 6, 1944.

Sawnie B. Smith, of Edinburg (Stewart, Burgess & Morris, of Houston, of counsel), for appellant.

Bert E. Derden and W. Carloss Morris, Jr., both of Houston, for amicus curiae.

Jones, Hardie, Grambling & Howell, of El Paso, for appellant, on rehearing only.

Albert W. Taylor, City Atty., formerly of Edinburg, now of McAllen, for appellee.

McGILL, Justice.

This appeal is from an order of the District Court of Hidalgo County Ninety-third Judicial District, overruling a motion of appellant, Hidalgo Guarantee Abstract Company, to set aside a judgment rendered by that Court on March 24, 1943, and to grant appellant a new trial. The judgment was rendered in a suit instituted by the State of Texas in behalf of itself, Hidalgo County, and other taxing units, to collect delinquent taxes alleged to be due them by appellant. The City of Edinburg and Edinburg Consolidated Independent School District filed pleas of intervention in which they sought to collect from appellant delinquent taxes alleged to be due them. Trial was to the Court, and in its judgment the Court found that all taxes due the State and County for the years sued for had been paid in full, and dismissed the cause of action asserted by them with prejudice. Judgment was rendered in favor of the City of Edinburg against appellant for

"taxes, penalty and interest" for the years 1932 to 1942, inclusive, in the sum of $706.-33, for taxes due "upon abstract office and all equipment pertaining thereto, including abstract cards, card systems, books, records and furniture and fixtures of Hidalgo Guarantee Abstract Company located in Edinburg, Hidalgo County," fixing and foreclosing a lien against such personal property and providing for order of sale. Judgment was also rendered in favor of the School District, but it appears from appellant's brief that the controversy between appellant and the School District has been settled and that the City of Edinburg is the only party interested as appellee.

The sole point presented by appellant is that its abstract cards and card systems are not subject to taxation under the Constitution and laws of this State, and for this reason the court erred in overruling its motion.

The question presented is one of first impression in this State so far as we have been able to find. The cards and card systems here involved consist of the following: Each day from the instruments filed in the county Clerk's office there is checked off on a card the names of the grantor and grantee, description of the property affected, the date of filing, and either the registration number or the book and page where such instrument may be found. These cards are assembled and grouped together according to the particular tract of land affected. They are used as a guide to the places in the public records where the instruments may be found and copied in making up abstracts which are furnished for compensation to those desiring them.

In determining whether these cards and card systems are subject to taxation, we can discern no material distinction between them and the "abstract books" held not to be taxable in Perry v. City of Big Rapids, 67 Mich. 146, 34 N.W. 530, 11 Am.St.Rep. 570; Loomis v. City of Jackson, 130 Mich. 594, 90 N.W. 328, and Bay Trust Company v. Bay City, 280 Mich. 44, 273 N.W. 437, and the "abstract books" held to be taxable in Leon Loan & Abstract Co. v. Equalization Board, 86 Iowa 127, 53 N.W. 94, 17 L.R.A. 199, 41 Am.St.Rep. 486, "the abstract books" containing information "largely in the form of abbreviations and cipher" and understood by only five persons, held to be taxable in Booth & Hanford Abstract Co. v. Phelps, 8 Wash. 549, 36 P. 489, 23 L.R.A. 864, 40 Am.St.Rep. 921, and the "abstract plant" consisting of "abstracts of title to real property in Ramsey county, taken from the official public records and assembled in books with copious indexes," held to be taxable in State v. St. Paul Abstract Co., 158 Minn. 95, 196 N.W. 932, 933.

Of course, the fact that in Leon Loan & Abstract Co. v. Equalization Board (Iowa), supra, the original records of the Recorder's Office had been destroyed might materially enhance the value of the abstract books there involved, and the fact that the abbreviations and cipher contained in the books involved in State v. St. Paul Abstract Co. (Minn.), supra, were known only to five persons, might materially diminish their value; but these considerations can have no bearing on the question here involved, i.e., whether these cards and card systems are subject to taxation.

The applicable constitutional and statutory provisions are:

Constitution, Art. 8, Sec. 11, Vernon's Ann.St. providing in substance that all property shall be assessed for taxation at its fair value;

Article 7145, Vernon's Ann.Civ.St., providing that all property, except that expressly exempted, is subject to taxation;

Article 7147, Vernon's Ann.Civ.St., providing that for the purposes of taxation "personal property" shall be construed to include certain kinds of property therein specified.

Our constitutional exemptions, Art. 8, Sec. 19, Sec. 1-a (amendment of Aug. 26, 1933) and Sec. 2 (amendment of Nov. 6, 1928), and our statutory exemptions (Art. 7150, Vernon's Ann.Civ.St., as amended), have no application here.

■ Article 7147, supra, has been construed not to limit the broad terms of Article 7145, supra, but to remove any doubt as to the taxable character of the property therein specified. Jesse French Piano & Organ Co. v. City of Dallas, Tex.Civ.App., 61 S.W. 942, at page 946.

■ We think it clear that under the above constitutional and statutory provisions appellant's abstract cards and card systems were and are subject to taxation.

We are not impressed with the reasoning of the majority opinion in Perry v. City of Big Rapids (Mich.), supra, in effect that the constitutional requirement of that State, that assessments be made on property at its cash value (similar to the provisions of Arts. 7147 and 7149, Vernon's Ann.Civ.St.,

as applied to personal property) contemplated not only property which may be put to valuable uses, but which "has a recognizable pecuniary value inherent in itself, and not enhanced or diminished according to the person who owns or uses it," and that the "abstract books" there involved could have no intrinsic value.

As said in Booth & Hanford Abstract Co. v. Phelps (Wash.), supra: "The fact that it requires the services of an expert to obtain the necessary information from the books may detract from their value, in a general sense, but would not deprive them of all taxable value." Nor does the fact that the compiler of these cards and card systems acquires a proprietary right therein similar to an author's common law right in his unpublished manuscript which may be protected from unauthorized use by others prior to its publication, as indicated in Vernon Abstract Co. v. Waggoner Title Co., 49 Tex.Civ.App. 144, 107 S.W. 919, deprive them of all value for the purpose of taxation. That they are the means or instruments for carrying on a business and as such have an intrinsic or inherent value in money, cannot be denied. In fact, they are generally the principal asset of a firm engaged in the business of furnishing abstracts of title for compensation. Without them the "plant" would consist of nothing but office furniture, equipment and supplies.

Appellant's President conceded that in the past he may have "priced" the "abstract company" at more than $15,000, and the evidence was sufficient to show that the index and card system compose the greater part of its value. "They are the means, in a sense the instruments, for carrying on a business; as much so as are the tools or machinery by which the artisan plies his calling." Leon Loan & Abstract Co. v. Equalization Board (Iowa), supra [86 Iowa 127, 53 N.W. 96].

By the weight of authority and, we think, by the better reasoned opinions, they are subject to taxation. 26 R.C.L., p. 138, Sec. 112.

We so hold.

Such holding renders unnecessary a consideration of appellee's "First Independent Proposition" to effect that even though appellant may have had a good defense, it is not entitled to have the judgment set aside because it did not allege and prove that it had been precluded from presenting its defense by fraud, accident or mistake un-

mixed with negligence on its part, and we express no opinion thereon.

The order appealed from is in all respects affirmed.